**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3797-16T2

HERU HEKSHUS ATUM-RA,

     Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

     Respondent.

_____

          Submitted December 4, 2018 – Decided  December 11, 2018

          Before Judges Fisher and Firko.

          On appeal from the New Jersey State Parole Board.

          Heru Hekshus Atum-Ra, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

In 1982, petitioner – a prison inmate – pleaded guilty to the first-degree murders of his wife and mother-in-law. He was sentenced to life in prison with a twenty-five-year period of parole ineligibility on one of the murder convictions, as well as concurrent terms on the other convictions, which included second-degree burglary, second-degree possession of a firearm for an unlawful purpose, and third-degree unlawful possession of a firearm. He filed three post-conviction relief petitions, all of which were denied. We affirmed the last of these in State v. Atum-Ra, No. A-1639-10 (App. Div. June 7, 2012).

In 2016, petitioner, after serving more than thirty-three years of his life sentence, became eligible for parole for the second time. The matter was referred to the two-member panel, which denied parole because of: the serious nature of the offenses; petitioner's extensive prior record; the repetitive nature of his offenses; the increasing seriousness of the offenses; the commission of multiple offenses underlying the prison term; prior probation opportunities had failed to deter petitioner's criminal behavior[1]; prior incarcerations had not deterred his criminal behavior; the commission of institutional infractions, which were numerous, persistent, and serious; and petitioner's insufficient problem resolution. As to this last point, the panel concluded that petitioner

_____

[1] Petitioner committed the multiple murders while on bail for another offense.

lacked insight into his criminal behavior, that he remained "unable to feel or express any emotion or remorse for his crimes and for the victims," and that he "continues to blame the victims, their family and their treatment towards him as the motivation for his actions." The panel determined that petitioner lacked an adequate parole plan and had scored "medium" on the risk assessment test. The panel also found mitigating factors: petitioner had completed prior releases on community supervision without violations; he had been infraction free since the panel interview on his previous parole request; he participated in programs specific to his behavior; petitioner participated in institutional programs that generated reports that reflected favorable institutional adjustment; he had a positive adjustment to the Therapeutic Community program; and he had achieved and maintained minimum custody status.

The three-member panel subsequently reviewed the matter and imposed a 120-month future eligibility term (FET), expressing its rationale in a thorough written decision. Petitioner administratively appealed. The full Parole Board issued a final agency decision denying parole and establishing a 120-month FET.

Petitioner appeals, arguing:

> I. THE CHIEF EXECUTIVE OFFICER AND THE PAROLE BOARD IGNORED CRUCIAL

3

DOCUMENTS RELATING TO PETITIONER'S REHABILITATION AND PAROLE FITNESS, THEREBY UNDERMINING PETITIONER BEING RELEASED ON PAROLE. THEREFORE, THE BOARD[']S DECISION TO DENY PAROLE WAS NOT BASED ON A PREPONDERANCE OF THE EVIDENCE.

II. IN THE PRESENT CASE THE PAROLE BOARD VIOLATED THEIR CODE OF PROFESSIONAL CONDUCT.

III. THE NEW JERSEY PAROLE BOARD'S RELIANCE ON RETROACTIVELY APPLIED PAROLE GUIDELINES, RATHER THAN PAROLE GUIDELIES EXTANT AT THE TIME OF ATUM-RA'S CRIME AND CONVICTION, VIOLATES THE EX POST FACTO CLAUSE OF BOTH THE FEDERAL AND NEW JERSEY STATE CONSTITUTIONS.

IV. THE NEW JERSEY STATE PAROLE BOARD VIOLATED ATUM-RA'S DUE PROCESS RIGHTS WHEN HE WAS DENIED PAROLE TWICE, DUE TO THE PAROLE BOARD'S RELIANCE ON THE RETROACTIVELY APPLIED AMENDMENTS TO THE 1979 PAROLE GUIDELINESS, RATHER THAN RELYING ON THE UNAMENDED 1979 PAROLE GUIDELINES EXTANT AT THE TIME OF PETITIONER'S CRIME AND CONVICTION.

V. A THREE-MEMBER PANEL AND A FULL BOARD PANEL DEPRIVES A PRISONER OF DUE PROCESS THEREBY MAKING BOTH PANELS UNCONSTITUTIONAL.

VI. THE ISSUES AND INFORMATION CONTAINED IN EXHIBIT D (NEW JERSEY STATE

4

PAROLE BOARD AUGUST 29, 2016 NOTICE OF DECISION THREE MEMBER PANEL) IS PRECLUDED/BARRED BY LAW UNDER RES JUDICATA[,] AND THE SEVENTH AMENDMENT OF THE U.S. CONSTITUTION.

We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following few comments.

Parole Board decisions are highly "individualized discretionary appraisals," Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). Such decisions are entitled to both a presumption of validity, In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994), and deference to the Parole Board's "expertise in the specialized area of parole supervision," J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017). We do not intervene in such determinations unless they are: arbitrary, capricious, or unreasonable; lack fair support in the evidence; or violate legislative policies. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24-25 (1998). And we will defer to the Parole Board's decision to impose a particular FET so long as it is not arbitrary and capricious or unsupported by substantial credible evidence. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179-80 (App. Div. 2004).

After close examination of the record in light of the arguments posed, we conclude that the Parole Board's determinations to deny parole and to impose a 120-month FET were well-supported by the evidence and that the Parole Board's consideration of both old and new information did not violate ex post facto constitutional principles.  See Trantino v. N.J. State Parole Bd., 331 N.J. Super. 377, 608-09 (App. Div. 2000).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3797-16T2